# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| M.B., a minor, by and through her Next Friend, MECHELLE HITT, et al., ) ) ) ) | |
| Plaintiffs, ) | No. 4:12-CV-1250 CAS |
| ) | |
| v. ) | |
| ) | |
| ABBOTT LABORATORIES INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to remand for lack of federal jurisdiction. Defendant Abbott Laboratories, Inc. opposes the motion. For the following reasons, plaintiffs' motion will be granted, and this action will be remanded to the Circuit Court of the City of St. Louis.

## Background

On May 21, 2012, plaintiffs filed this action in the City of St. Louis Circuit Court, alleging nine state law causes of action against defendant Abbott Laboratories, Inc. arising out of its manufacture and sale of the anti-convulsant drug Depakote. Plaintiffs allege their mothers took Depakote during pregnancy, and as a result, plaintiffs suffered severe and permanent injuries. They bring claims for strict product liability (Count I); negligence (Count II); gross negligence (Count III); breach of implied warranty (Count IV); breach of express warranty (Count V); misrepresentation by omission (Count VI); fraud and misrepresentation (Count VII); intentional infliction of emotional distress (Count VIII); and negligent infliction of emotional distress (Count IX).

On July 12, 2012, defendant removed the action to this Court on the basis of diversity jurisdiction. As alleged in the complaint, however, three plaintiffs and defendant are citizens of Illinois. Despite the lack of complete diversity on the face of the complaint, defendant states that federal diversity jurisdiction exits because plaintiffs have fraudulently misjoined the three non-diverse Illinois plaintiffs. Defendant asserts the Illinois plaintiffs' claims have no material connection to the diverse plaintiffs' claims, and under the doctrine of fraudulent misjoinder, the Court may exercise diversity jurisdiction.

Plaintiffs move to remand the case to the City of St. Louis Circuit Court, stating that pursuant to controlling case law, In re Prempro Products Liability Litigation, 591 F.3d 613 (8th Cir. 2010) ("Prempro"), plaintiffs' claims have been properly joined and defendant's fraudulent misjoinder theory must be rejected.

**Discussion**

The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075 (1998).

As explained by the Eighth Circuit, "'[f]raudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other.'" Prempro, 591 F.3d at 620 (quoting Ronald A. Parsons, Jr., *Should the Eighth Circuit Recognize Procedural Misjoinder?*, 53 S.D. L. Rev. 52, 57

(2008)). While acknowledging the fraudulent misjoinder doctrine, the Eighth Circuit has expressly declined to either adopt or reject it. Id. at 622.

In Prempro, the plaintiffs sued many different manufacturers of hormone replacement therapy ("HRT") drugs, alleging they (or a decedent family member) had developed breast cancer from taking the drugs. As in our case, defendant manufacturers removed to federal court, arguing that plaintiffs fraudulently misjoined their claims. The Prempro defendants argued plaintiffs' claims did not arise out of the same transaction or occurrence as required under Federal Rule of Civil Procedure 20(a). Defendants argued that plaintiffs were residents of different states, were prescribed different HRT drugs, by different doctors, for different lengths of time, in different amounts, and they suffered different injuries. Id. at 618. The district court agreed with defendants that the plaintiffs' claims had been improperly joined under Rule 20.

After considering the Rule 20 joinder standards, the Eighth Circuit reversed, concluding that the defendant manufacturers had not met their burden of establishing plaintiffs' claims were egregiously misjoined. Despite all the differences in their claims, plaintiffs' claims were "logically related because they each developed breast cancer as a result of the manufacturers' negligence in designing, manufacturing, testing, advertising, warning, marketing, and selling HRT drugs." Id. at 623. The Eighth Circuit found several common questions of law and fact, including the causal link between HRT drugs and breast cancer, and whether the manufacturers knew of the dangers of HRT drugs. The Eighth Circuit found that even if the fraudulent misjoinder doctrine were applicable, the plaintiffs' alleged misjoinder was not so egregious as to constitute fraudulent misjoinder. Id. at 622.

Here, the Court finds defendant's argument for the application of the fraudulent misjoinder doctrine weaker than that rejected by the Eighth Circuit in Prempro. Plaintiffs' claims here are more logically connected to one another than the Prempro plaintiffs. Plaintiffs have alleged their mothers

took the same drug made by the same manufacturer resulting in their birth defects. While the exact nature of the birth defects may differ, plaintiffs' claims need not share a common outcome, so long as common questions of law and fact are likely to arise in the litigation. Prempro 591 F.3d at 623; see also S.L. v. Pfizer Inc., No. 4:12-CV-420 CEJ, 2012 U.S. Dist. LEXIS 103134, **7-8 (E.D. Mo. April 4, 2012). Plaintiffs allege claims arising out of, inter alia, defendant's express and implied warranties, failure to warn, and misrepresentations. As in Prempro, common questions of law and fact are likely to arise in this case, including the causal link between Depakote and birth defects, whether defendant knew of the alleged danger of birth defects, and the terms of any express or implied warranties given by defendant. Because the plaintiffs all allege injuries arising out of the same drug manufactured and sold by the same defendant, even if these injuries are not identical, the Court cannot say their claims have no real connection to each other such that they are egregiously misjoined. See Prempro, 591 F.3d at 623.[1]

Plaintiffs' claims are sufficiently related to support joinder in this case. Because there is not complete diversity between the parties, the Court lacks subject matter jurisdiction. Thus, this matter must be remanded to state court for lack of subject matter jurisdiction.

---

[1] In addition to the controlling Eighth Circuit case law, defendant's fraudulent misjoinder theory has been rejected by this Court in the following cases: T.F. v. Pfizer, Inc., No. 4:12-CV-1221 CDP (E.D. Mo. July 23, 2012); S.L. v. Pfizer Inc., No. 4:12-CV-420 CEJ (E.D. Mo. Apr. 4, 2012); Madderra v. Merk Sharpe & Dohme Corp., 2012 WL 601012 (E.D. Mo. Feb. 23, 2012); Townsend v. Hoffmann-La Roche, Inc., No. 4:11-CV-1420 AGF (E.D. Mo. Sept. 1, 2011); Coleman v. Bayer Corp., No. 4:10-CV-1639 SNLJ (E.D. Mo. Dec. 9, 2010); Hudson v. GlaxoSmithKline LLC, 2010 WL 2926535 (E.D. Mo. July 20, 2010); Dickerson v. GlaxoSmithKline, LLC, 2010 WL 2757339 (E.D. Mo. July 12, 2010); Aurillo v. GlaxoSmithKline, LLC, 2010 WL 2735663 (E.D. Mo. July 9, 2010); Douglas v. GlaxoSmithKline, LLC, 2010 WL 2680308 (E.D. Mo. July 1, 2010); and Hall v. GlaxoSmithKline, LLC, 706 F. Supp. 2d 947 (E.D. Mo. 2010). See Pls.' Mem. at 4 and Exs. 3-12.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand is **GRANTED**.  [Doc. 17]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis under 28 U.S.C. § 1447(c).

An appropriate Order of Remand will accompany this Memorandum and Order.

　　　　　　　　　　　　　　　　　　／s／ Charles A. Shaw
　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this   24th   day of October, 2012.